UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. _____

JOSHUA BEADLE,
INDIVIDUALLY AND ON BEHALF OF ALL
THOSE SIMILARLY SITUATED,

      Plaintiff,

vs.

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY PARENTS' ASSOCIATION, INCORPORATED D/B/A PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY,

      Defendant.
_____/

**NOTICE OF REMOVAL BY DEFENDANT PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY PARENTS ASSOCIATION, INCORPORATED**

Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA")[1], pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with a full reservation of any and all rights, claims, objections, and defenses, including, but not limited to, objections to personal jurisdiction and proper service of process, hereby file this Notice of Removal from the Circuit Court, Twelfth Judicial Circuit, in and for Sarasota County, Florida, in which the action is now pending under Case Number 2022-CA-004877-NC, to the United States District Court for the Middle District of Florida, and respectfully states as follows:

**Procedural Background**

1. On or about October 21, 2022, a civil action was commenced in, and is now pending before, the Circuit Court, Twelfth Judicial Circuit, in and for Sarasota County, Florida, entitled

---

[1] Improperly named as Pennsylvania Higher Education Assistance Agency Parents' Association, Incorporated D/B/A Pennsylvania Higher Education Assistance Agency.

*Joshua Beadle, individually and on behalf of all those similarly situated v. Pennsylvania Higher Education Assistance Agency Parents' Association, Incorporated d/b/a Pennsylvania Higher Education Assistance Agency*, Case No. 2022-CA-004877-NC (the "State Court Action"). A true copy of the Complaint filed in the State Court Action is attached as **Exhibit 1**. PHEAA was served with the summons and complaint on October 31, 2022.

2. A complete copy of all process, pleadings, and orders filed in the State Court Action is attached as **Composite Exhibit 2**.

### Jurisdiction and Grounds for Removal

3. This action is a civil action removable to this Court pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction over this cause under 28 U.S.C. § 1332(a)(2), and because the case could have been filed in this Court originally.

4. Complete diversity exists in this case because Defendant is not a citizen of Florida, and Plaintiff is. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

5. A corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). *Roche*, 546 U.S. at 88-89.

6. According to Plaintiff's Complaint, Plaintiff is a citizen of the State of Florida, residing in Sarasota County, Florida. Ex. 1, p. 5.

7. According to Plaintiff's Complaint, PHEAA is a Pennsylvania Non-Profit Corporation, with its principal place of business located in Harrisburg, Pennsylvania. *Id.*

8. The diversity of citizenship requirement is, therefore, satisfied pursuant to 28 U.S.C. § 1332(a)(2) and (c), because there is complete diversity of citizenship among the parties, and such diversity existed at the time the Complaint was filed.

9. The amount in controversy exceeds the jurisdictional minimum of $75,000.00. PHEAA specifically denies that Plaintiff is entitled to recover any amount, but Plaintiff alleges that the "aggregate damages" are in the "millions of dollars." Ex. 1, p. 8.

10. This action is, therefore, a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332.

## This Removal is Timely and Procedurally Proper

11. Plaintiff filed its Complaint in the State Court Action on October 21, 2022.

12. Pursuant to 28 U.S.C. § 1446(b)(1) and prevailing legal authorities, a Notice of Removal must be filed within 30 days of service of process of the Summons and Complaint. *See, e.g., Brown v. Press Repair Eng'g Sales & Serv.*, No. 8:08-cv-1115-T-23TGW, 2008 U.S. Dist. LEXIS 111605, at *1-2 (M.D. Fla. Dec. 17, 2008) ("the thirty-day removal period under 28 U.S.C. § 1446(b) begins to run from the time a defendant receives notice of a removable claim by way of formal service but not by mere receipt of the complaint unattended by any formal service.").

13. PHEAA was served on October 31, 2022.

14. This Notice of Removal is, therefore, timely under 28 U.S.C. § 1446(b)(1), as its filing is within 30 days of the service date.

## Filing of Removal Papers

15. Pursuant to 28 U.S.C. § 1446(d), PHEAA herewith gives written notice of filing of this Notice of Removal to the Plaintiff and to the Circuit Court, Twelfth Judicial Circuit, in and for Sarasota County, Florida. A copy of that Notice is attached to this Removal. *See* **Exhibit 3** (exhibits thereto omitted).

**WHEREFORE**, Defendant Pennsylvania Higher Education Assistance Agency Parents' Association, Incorporated d/b/a Pennsylvania Higher Education Assistance Agency hereby

removes Case Number 2022-CA-004877-NC from the Circuit Court, Twelfth Judicial Circuit, in and for Sarasota County, Florida to this Court for determination.

Dated this 30th day of November, 2022

**LOCKE LORD LLP**
777 South Flagler Drive
Suite 215 East Tower
West Palm Beach, Florida 33401
Tel.:   (561) 833-7700
Fax:   (561) 655-8719

By: */s/ Steven J. Brotman*
   Steven J. Brotman
   Florida Bar No. 85750
   steven.brotman@lockelord.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

On this day, I certify that a copy of the above and foregoing notice was caused to be filed by CM/ECF. I also certify that a true copy of the above and foregoing notice was filed electronically with:

Sarasota County Clerk and Comptroller
P.O. Box 3079
Sarasota, FL 34230-3079

I also hereby certify that a true copy of the above and foregoing notice was delivered by electronic filing to:

Jibrael S. Hindi, Esq.
Jennifer G. Simil, Esq.
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL  33301
jibrael@jibraellaw.com
jen@jibrawllaw.com

   */s/ Steven J. Brotman*
   Steven J. Brotman

130741777